ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 27 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA COOK, KRISTA UNGER, PATRISHA HENRY, and JENNIFER SIGNORIELLO on behalf of themselves and all those similarly situated who consent to representation, <br><br> Plaintiffs, <br> v. <br><br> UP THE CREEK RESTAURANTS OF AMERICA, INC., a Georgia Corporation; UP THE CREEK RESTAURANTS OF GEORGIA, INC., a Georgia Corporation; APPLE CREEK MANAGEMENT CO., INC., a Georgia Corporation, <br><br> Defendants. | Civil Action Number: <br><br> FLSA Collective Action <br> Jury Trial Demanded <br><br> 1 08-CV-1240 TCB |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Jessica Cook, Krista Unger, Patrisha Henry, and Jennifer Signoriello (hereinafter collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendants Up the Creek Restaurants of America, Inc., Up the Creek Restaurants of Georgia, Inc., and Apple Creek Management Co., Inc. (hereinafter collectively "Defendants") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the

Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the minimum hourly wage and overtime provisions of the FLSA by Defendants which have deprived Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful minimum hourly and overtime wages.

2. Named Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b). Named Plaintiffs' individual consents to sue and serve as representative Plaintiffs are incorporated herein as Exhibits A through D.

3. Other former employees of Defendants' Snellville Restaurant (as hereinafter defined) are also entitled to receive minimum hourly wage and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiffs may be permitted to maintain this action "for and in behalf of

2

[themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated former employee of Defendants' Snellville Restaurant (as hereinafter defined), wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

4. This action is brought to recover unpaid minimum hourly wage and overtime compensation owed to Plaintiffs and other former employees of Defendants' Snellville Restaurant (as hereinafter defined) who are similarly situated to the Plaintiffs, pursuant to the FLSA.

5. The named Plaintiffs and any collective group similarly situated were employed by Defendants working at various times during their employment by Defendants as bartender, server, busser, hostess/host and/or any other position which contributed to and/or received tips from a tip pool at Defendants' restaurant previously in operation at 2295 Ronald Regan Parkway, Snellville, Gwinnett County, Georgia, 30078 (hereinafter "Defendants' Snellville Restaurant").

6. During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendants committed widespread violations of the FLSA by failing to compensate employees at the legally appropriate minimum hourly wage and by

3

failing to compensate employees at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

7. Plaintiffs and all similarly situated former employees of Defendants' Snellville Restaurant who elect to participate in this action seek unpaid minimum hourly wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

10. Plaintiff Jessica Cook ("Plaintiff Cook") resides in Lawrenceville, Georgia (within this District) and is a citizen of the United States. Plaintiff Cook was employed by Defendants at Defendants' Snellville Restaurant from on or

about April 15, 2003 until on or about April 15, 2004 as a server and from on or about April 16, 2004 until on or about March 1, 2008 as a bartender.

11. Plaintiff Krista Unger ("Plaintiff Unger") resides in Snellville, Georgia (within this District) and is a citizen of the United States. Plaintiff Unger was employed by Defendants at Defendants' Snellville Restaurant from on or about January 1, 2004 until on or about July, 2006 as a server and from on or about July, 2006 until on or about February 29, 2008 as a bartender.

12. Plaintiff Patrisha Henry ("Plaintiff Henry") resides in Duluth, Georgia (within this District) and is a citizen of the United States. Plaintiff Henry was employed by Defendants at Defendants' Snellville Restaurant from on or about July 1, 2007 until on or about September 20, 2007 as a server and from on or about September 20, 2007 until on or about March 6, 2008 as both a bartender and as a server.

13. Plaintiff Jennifer Signoriello ("Plaintiff Signoriello") resides in Lawrenceville, Georgia (within this District) and is a citizen of the United States. Plaintiff Signoriello was employed by Defendants at Defendants' Snellville Restaurant from on or about January, 2005 until on or about October 20, 2007 as a server, from on or about October, 2005 until on or about March, 2006 as a hostess

and from on or about April, 2007 until on or about October 20, 2007 as a bartender.

14. At all times material to this action, the named Plaintiffs and any collective group similarly situated were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendants.

15. Defendant Up The Creek Restaurants Of America, Inc. ("Defendant UTCR of America") is a corporation formed under the laws of the State of Georgia and owns and operates restaurants in Alabama, Mississippi, Florida, North Dakota, Tennessee, and Georgia either directly or through subsidiaries and affiliates.

16. Defendant Up The Creek Restaurants Of Georgia, Inc. ("Defendant UTCR of Georgia") is a corporation formed under the laws of the State of Georgia and owns and operates restaurants in the state of Georgia either directly or through subsidiaries and affiliates.

17. Upon information and belief, Defendant UTCR of Georgia is an affiliate or subsidiary of Defendant UTCR of America.

18. Upon information and belief, Defendants UTCR of America and UTCR of Georgia owned and operated Defendants' Snellville Restaurant.

19. Upon information and belief, Defendant Apple Creek Management Co., Inc. ("Defendant Apple Creek") is a corporation formed under the laws of the State of Georgia and operated and managed Defendants' Snellville Restaurant.

20. Upon information and belief, Defendant Apple Creek is an affiliate or subsidiary of Defendant UTCR of America.

21. Upon information and belief, Defendant Apple Creek is an affiliate or subsidiary of Defendant UTCR of Georgia.

22. Defendants conduct business within this State and District.

23. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Snellville Restaurant, including the employment and pay and other practices of that operation.

24. Defendant UTCR of America is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, William M. Davidson, 10475 Medlock Bridge Rd., Suite 820, Johns Creek, Georgia 30097.

25. Defendant UTCR of Georgia is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, William M. Davidson, 10475 Medlock Bridge Rd., Suite 820, Johns Creek, Georgia 30097.

26. Defendant Apple Creek is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, William M. Davidson, 10475 Medlock Bridge Rd., Suite 820, Johns Creek, Georgia 30097.

27. At all times material to this action, Defendant UTCR of America was enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

28. At all times material to this action, Defendant UTCR of Georgia was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

29. At all times material to this action, Defendant Apple Creek was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

30. At all times material to this action, Defendant UTCR of America was an "employer" of the named Plaintiffs and of others similarly situated, as defined by § 203(d) of the FLSA.

31. At all times material to this action, Defendant UTCR of Georgia was an "employer" of the named Plaintiffs and of others similarly situated, as defined by § 203(d) of the FLSA.

32. At all times material to this action, Defendant Apple Creek was an "employer" of the named Plaintiffs and of others similarly situated, as defined by § 203(d) of the FLSA.

33. The tipped employee provisions set forth in § 203 of the FLSA apply to Defendants.

34. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

35. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

36. Upon information and belief, Defendants employed, at Defendants' Snellville Restaurant, in the past three years prior to the filing of this Complaint over 100 separate individuals who received tips as part of their compensation.

37. The named Plaintiffs' duties and the duties of other former employees similarly situated of Defendants' Snellville Restaurant included servicing Defendants' customers at Defendants' Snellville Restaurant by performing duties

9

such as leading customers to tables, taking food and drink orders, serving food and drink orders, and clearing tables.

38. At all times relevant to this action, the named Plaintiffs' primary duty and the primary duty of other former employees similarly situated of Defendants' Snellville Restaurant was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

39. At all times relevant to this action, the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant were not responsible for supervising or directing the work of any other employees.

40. At all times relevant to this action, the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant did not possess the authority to hire or fire other employees.

41. At all times relevant to this action, the named Plaintiffs' suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

42. At all times relevant to this action, the suggestions and recommendations, if any, of other former employees similarly situated of Defendants' Snellville Restaurant, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

43. At all times relevant to this action the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

44. At all times relevant to this action, it was the policy and/or practice of Defendants to compensate the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant an hourly wage plus tips and such hourly wage was less than the federal minimum wage.

45. At all times relevant to this action, the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant did not retain all tips they received.

46. At all times relevant to this action, the Defendants took a tip credit against the wages of the named Plaintiffs and those similarly situated.

47. At all times relevant to this action, it was Defendants' policy and/or practice that the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant were required to participate in a "tip pool." The Defendants required the servers to contribute a set percentage of their sales each shift to the tip pool. The bartenders, hostesses/hosts, and bussers were then paid a portion of the tips from the tip pool.

48. At all times relevant to this action, at Defendants' Snellville Restaurant, Defendants had a practice of illegally permitting Defendants' managers to receive a portion of the pooled tips when such managers were not employees who customarily and regularly received tips as required by the FLSA.

49. At all times relevant to this action, at Defendants' Snellville Restaurant, Defendants had a practice of illegally retaining a portion of the pooled tips.

50. Senior executives of Defendants were aware and permitted its managers to regularly and consistently take money from the tip pool despite the fact that its managers were not employees who customarily and regularly received tips as required by the FLSA.

51. Senior executives of Defendants were aware and permitted Defendants' Snellville Restaurant to retain a portion of the pooled tips.

52. At all times relevant to this action, because Defendants permitted its managers to illegally participate in the tip pool and permitted Defendants' Snellville Restaurant to retain a portion of the pooled tips, APPLE CREEK MANAGEMENT CO., INC. the tips received by Plaintiffs and those similarly situated may not be considered as part of wages paid to them for purposes of satisfying Defendants' minimum wage obligations.

53. At all times relevant to this action, the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant were non-exempt employees for purposes of overtime compensation.

54. At all times relevant to this action, the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant were at times required to work in excess of forty (40) hours a week.

55. At all times relevant to this action, Defendants had a policy and/or practice of not compensating the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant for time worked in excess of 40 hours per week on a basis of one and one-half times minimum wage at which they were by law required.

56. Defendants maintained records concerning the number of hours actually worked by the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant, and the compensation actually paid to the named Plaintiffs and other employees similarly situated.

57. Defendants maintained records concerning the amount of tips pooled by staff of each work shift of Defendants' Snellville Restaurant.

58. Defendants maintained records concerning the amount of tips paid out from the tips pooled by staff from each work shift of Defendants' Snellville Restaurant.

59. Defendants failed to meet the requirements for paying Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant minimum wage, exclusive of an additional amount on account of the tips received by such employees, as required under the requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 203 and 206.

60. Defendants are liable to the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant for compensation for all time worked in which they were paid at a rate of pay less than the federal minimum wage rate.

61. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213 with respect to the named Plaintiffs and other former employees similarly situated.

62. Defendants failed to meet the requirements for paying Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant at a rate not less than one and one-half times minimum wage, exclusive of an

14

additional amount on account of the tips received by such employees, at which Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

63. Defendants are liable to the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times minimum wage, exclusive of an additional amount on account of the tips received by such employees, at which Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

64. By reason of the said intentional, willful and unlawful acts of Defendants, the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant have suffered damages plus incurring costs and reasonable attorneys' fees.

65. As a result of Defendant's willful violations of the FLSA, the named Plaintiffs and other former employees similarly situated of Defendants' Snellville Restaurant are entitled to liquidated damages.

15

66. The named Plaintiffs have retained the undersigned counsel to represent them and other former employees similarly situated of Defendants' Snellville Restaurant in this action, and pursuant 29 U.S.C. § 216(b), the named Plaintiffs and other employees similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

67. Plaintiffs demand a jury trial.

## COUNT I

68. Plaintiffs repeat and incorporate by reference paragraphs 1-67 herein.

69. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

70. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to former employees of Defendants' Snellville Restaurant, including the named Plaintiffs and other similarly situated employees in accordance with §§ 203 and 206 of the FLSA.

71. As a result of Defendants' violations of the FLSA, the named Plaintiffs, as well as other similarly situated employees have suffered damages by

failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

72. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of the named Plaintiffs and other similarly situated former employees of Defendants' Snellville Restaurant.

73. As a result of the unlawful acts of Defendants, the named Plaintiffs and all former employees similarly situated of Defendants' Snellville Restaurant have been deprived of minimum wage compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II

74. Plaintiffs repeat and incorporate by reference paragraphs 1-73 herein.

75. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

76. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount of minimum wage and one-half. Such overtime compensation practice was

applicable to former employees of Defendants' Snellville Restaurant, including the named Plaintiffs and other similarly situated employees.

77. As a result of Defendants' violations of the FLSA, the named Plaintiffs, as well as other similarly situated employees have suffered damages by failing to receive an overtime rate of minimum wage and one-half in accordance with §§ 203 and 207 of the FLSA.

78. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of the named Plaintiffs and other similarly situated former employees of Defendants' Snellville Restaurant.

79. As a result of the unlawful acts of Defendants, the named Plaintiffs and all former employees similarly situated of Defendants' Snellville Restaurant have been deprived of overtime compensation equal to minimum wage and one-half in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons who will opt-in to this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That all Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That all Plaintiffs be awarded pre- and post-judgment interest;

C. That all Plaintiffs be awarded reasonable attorneys' fees;

D. That all Plaintiffs be awarded the costs and expenses of this action; and

E. That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 27th day of March, 2008.

MARTIN & MARTIN, LLP

By: *Kimberly N. Martin*
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
3481 Lakeside Drive, Suite 805
Atlanta, Georgia 30326
(404) 313-5538 / (770) 837-2678 Fax

20